In the matter of the application of RALPH W. CHANDLESS for a writ of *habeas corpus.*

[Hearing September 24th, 1930.]

*Messrs. Minturn & Weinberger,* for the petitioner.

Mr. *Harold A. Price* and Mr. *Andrew J. Steelman,* for the respondent.

FALLON, V. C.

A petition was presented to me in behalf of Ralph W. Chandless, a citizen and resident of the town of Hasbrouck Heights in the State of New Jersey, setting forth that he is unjustly and unlawfully detained and imprisoned by Harry C. Harper, sheriff of the county of Bergen, by virtue of a *warrant* issued by Supreme Court Justice Charles W. Parker, based upon provisions of chapter 3 of the laws of 1907, entitled "An act to provide for the summary investigation of county and municipal expenditures," supplemented by chapter 25 of the laws of 1911. An order was made thereon for

the issue of a writ of *habeas corpus* out of and under the seal of this court. Such a writ was issued. A return was made thereto by Sheriff Harper, which shows that "he has the said Ralph W. Chandless in his custody by virtue of a certain attachment given under the hand of Honorable Charles W. Parker, justice of the supreme court, a copy of which warrant or attachment is hereto annexed, and which attachment or warrant is the cause of his detention or confinement." The warrant, addressed to the sheriff of the county of Bergen, reads as follows: "We command you, that you attach and arrest Ralph W. Chandless, so that you have him before me, Charles W. Parker, justice of the supreme court, at the court house, Hackensack, Bergen county, New Jersey [room 14] on Wednesday, the 16th day of July, 1930, at two o'clock in the afternoon of said day, to answer unto me for certain trespasses and unlawful acts lately done and committed by him; and have you then and there this writ." The sheriff has endorsed upon said warrant—"by virtue of the above writ, I return the body of the therein named Ralph W. Chandless, in custody this 16th day of July, A. D. 1930, at two P. M." A traverse to the return to the writ of *habeas corpus,* made in behalf of the petitioner, does not deny any of the matters set up in the return. The petitioner was released from custody pending the hearing herein upon entering into a recognizance of bail, with sufficient surety, in the sum of one thousand dollars, the amount fixed by me therefor. It is clearly manifest from the sheriff's return to the writ of *habeas corpus* that the warrant which he sets forth as the cause of the petitioner's detention or confinement is insufficient in law to justify same. The warrant does not state grounds upon which the petitioner was arrested and taken in custody by the sheriff. The terms "arrest" and "attachment" are often used interchangeably. It is elementary that a warrant under and by virtue of which a citizen is to be arrested, detained in custody, and thus deprived of his liberty, must state the grounds upon which the arrest is to be made. It must set forth an offense against the law or a violation of law charged against the person named in the warrant as the

offender, and if the warrant be issued as a mesne process in a civil·action it should set forth the particulars of the demand his arrest was effected to answer. The warrant in question requires the sheriff to arrest the petitioner and have him before Mr. Justice Parker to answer unto him "for certain trespasses and unlawful acts lately done and committed by him." No offense against the law or violation of law is charged for which the petitioner might lawfully be arrested, placed in custody of the sheriff, and thus deprived of his liberty. The *warrant* is novel, vague, and uncertain, and reciting, as it does, "certain trespasses and unlawful acts," is multitudinous. It does not inform the alleged offender of an offense against the law or violation of law with which he is charged. The "certain trespasses and unlawful acts" stated may properly be considered by the court in the matter *sub judice* as conclusions—without basis in fact. There are many *trespasses* and *violations of law* for which a citizen may not be amenable to arrest and imprisonment. Warrants, and complaints upon which warrants are founded, must set forth an offense against the law or violations of law with which an alleged offender is charged. In *City of Summit* v. *Hahr, 66 N. J. Law 333,* our court of errors and appeals held a complaint which was intended to set forth a violation of a city ordinance which forbade the selling or offering for sale of intoxicating liquors on Sunday, and which charged that the accused sold and offered for sale such liquors—"on June 10th, 17th and 24th and July 1st, and on divers other Sundays, A. D. 1900, and for a long time prior thereto" to be defective, vague and uncertain, and that an accused person should not, especially in summary proceedings, be required to meet so multitudinous a charge.

It was sought at the hearing on the return of the writ of *habeas corpus* to have me look beyond the return, with a view of obtaining information as to the reasons which prompted the supreme court justice to issue the warrant hereinabove referred to. I stated to counsel that I was not empowered so to do, and that only the return to the writ, and the validity and the sufficiency of the warrant on its face

mentioned therein as the authority for the sheriff to hold the petitioner in custody, could be inquired into on *habeas corpus* to justify the detention of the petitioner. Such I understand to be the rule of law. The matter *sub judice* is distinguishable from a case in which one is held in custody under *warrant of commitment* issued by a magistrate or other proper officer on an accusation of crime. The petitioner should be discharged from custody. I will advise an order accordingly.

Subsequent to my determination of the aforesaid matter and before the order for discharge was signed by me, Mr. Price, upon notice to the solicitors of the petitioner, and upon petition filed herein, applied for a rehearing and reargument of said matter. Disregarding the question as to his legal right to file such petition and make such application, I heard argument with respect thereto, after which I again stated that the only question before me for my consideration and determination in the *habeas corpus* proceeding upon the return of the writ, was the legal efficacy of the warrant relied upon by the sheriff of Bergen county for detaining the petitioner, Chandless, in his custody. Mr. Price, referring in argument to sections 34 to 39 of the *Habeas Corpus act* (*2 Comp. Stat. p. 2638*), expressed his fear that if this court made an order discharging Chandless from the custody of the sheriff of Bergen county, by virtue of the *habeas corpus* proceeding, it would thwart Mr. Justice Parker in his endeavor to require Chandless to answer certain questions propounded by Mr. Price as investigator in a summary investigation into the affairs of the township of Lodi. I stated to Mr. Price his fears in such respect were entirely unfounded and that the discharge of Chandless from the custody of the sheriff of Bergen county, in the *habeas corpus* proceeding, would not in anywise militate against the right of Mr. Justice Parker to proceed thereafter against Chandless in a lawful manner. It is a well known rule of law that a person detained unlawfully may be discharged from imprisonment or restraint under the unlawful proceedings, and be thereafter detained on lawful proceedings. The order for rehearing and reargument will be denied.